# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 40859

| | |
|---|---|
| **STATE OF IDAHO,** | ) |
| | ) **Boise, June 2015 Term** |
| Plaintiff-Respondent-Cross Appellant, | ) |
| | ) **2015 Opinion No. 104** |
| v. | ) |
| | ) **Date: November 4, 2015** |
| **JORGE ALBERTO LOPEZ-OROZCO,** | ) |
| | ) **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant-Cross Respondent. | ) |
| | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. Hon. Timothy Hansen, District Judge.

The judgment of the district court is affirmed.

Sara B. Thomas, Idaho State Appellate Public Defender, Boise, attorney for appellant. Sally J. Cooley argued.

Hon. Lawrence G. Wasden, Idaho Attorney General, Boise, attorney for respondent. Jessica M. Lorello argued.

___

W. JONES, Justice

## I. NATURE OF THE CASE

A jury convicted Jorge Lopez-Orozco ("Defendant") of three counts of first degree murder. The district court imposed three concurrent determinate life sentences. Defendant appeals from the judgment of conviction based on two alleged evidentiary errors committed by the district court. First, Defendant argues the district court erred in finding that his brother was an unavailable witness at trial and permitting his brother's preliminary hearing testimony to be read into evidence. Second, Defendant contends that the court erred in allowing his brother's unsworn written statement to law enforcement to also be read into evidence. Defendant requests that his convictions be vacated and the case remanded for further proceedings.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On August 11, 2002, a burned car was found in a remote desert area outside of Mountain Home, Idaho. Inside the car were the charred remains and bone fragments of Rebecca Ramirez

1

Almarez ("Almarez") and her two sons, four-year-old R.R. and two-year-old M.H. Almarez and M.H. had suffered fatal gunshot wounds to the head, but R.R.'s cause of death was undetermined. The vehicle belonged to Defendant, who previously dated Almarez.

On August 16, 2002, the State filed a complaint charging Defendant with three counts of first-degree murder for the deaths of Almarez and her two sons. Defendant fled to and remained in Mexico, where he was discovered by Mexican law enforcement in 2009. Defendant was extradited to Idaho in 2011 and placed under arrest for the murders. In June 2011, the magistrate division of the district court held a preliminary hearing. At the conclusion of the hearing, the magistrate judge found probable cause to support the three first-degree murder charges against Defendant. Defendant pleaded not guilty to the charges and the case proceeded to trial in October 2012. A jury convicted Defendant on all three counts, and the court imposed three concurrent fixed life sentences. Defendant timely appealed two issues related to the testimony and statements of his brother, José Lopez-Orozco ("José").

José is Defendant's youngest brother. At both the preliminary hearing and trial, José was called by the State to testify as to certain incriminating statements Defendant allegedly made in José's presence in San Jose, California, in late July or early August 2002. According to a written statement José provided to law enforcement, José was present at the apartment he shared with Valvina Lopez-Orozco ("Valvina") when Defendant discussed the events on the evening of the murders. José allegedly overheard Defendant confess to killing Almarez and the children and to burning his white Pontiac Grand AM with Almarez and the children inside. These statements were made by Defendant to Valvina and Simón Lopez-Orozco ("Simón") while Valvina, Simón, and Defendant were sitting at the kitchen table. Defendant, José, Simón, and Valvina are siblings. José overheard this conversation from his position in the living room.

Defendant's confession was purportedly unearthed during a discussion between José and Detective Enrique Garcia of the San Jose Police Department on August 16, 2002. José's August 2002 interview with Detective Garcia was later summarized, reduced to writing, and prepared for José's signature. José signed this written statement in 2009. The document, entitled "Statement of José Aurelio Lopez Orozco," was initially drafted in Spanish and signed and dated by José, with each page also initialed by José. The document was translated to English, the accuracy of which is not contested by either the State or Defendant.

2

On June 15, 2011, José provided limited testimony at Defendant's preliminary hearing regarding the statements made by Defendant in California in 2002. Over Defendant's hearsay objection, the written statement was admitted at the preliminary hearing under the recorded recollection exception. At Defendant's trial in October 2012, José was again called by the State to testify. In this instance, José testified that he did not remember any of Defendant's statements regarding why he left Idaho, any of his own statements to law enforcement in California, or any of his testimony at the preliminary hearing. Based on this lack of recollection, the State asked the district court to declare José unavailable as a witness and to allow his preliminary hearing testimony to be read to the jury. The State also asked for the contents of the written statement José signed for law enforcement in 2009 to be read into evidence. The court allowed the written statement and certain relevant portions of José's preliminary hearing testimony to be read into the record, but not admitted as exhibits.

Defendant argues that the district court erred in permitting José's preliminary hearing testimony to be read to the jury, which was based on its finding that he was an unavailable witness, and further erred in permitting his written statement to law enforcement to also be read to the jury.

### III. ISSUES ON APPEAL

1. Whether the district court erred in declaring José an unavailable witness and allowing his preliminary hearing testimony to be read into evidence under the former testimony hearsay exception.

2. Whether the district court erred in permitting José's written statement to law enforcement to be read to the jury under the recorded recollection hearsay exception.

### IV. STANDARD OF REVIEW

"The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion." *State v. Robinett*, 141 Idaho 110, 112, 106 P.3d 436, 438 (2005). When evidence is admitted under a recognized hearsay exception, the key inquiry is "whether the district court recognized that it did not have discretion to admit the hearsay evidence if the requirements for an exception were not met; whether it acted consistently with the rules governing hearsay exceptions; and whether it reached its decision to admit the hearsay by an exercise of reason." *State v. Watkins*, 148 Idaho 418, 423, 224 P.3d 485, 490 (2009). However, "in the absence of a timely [and specific] objection to an alleged error at trial, this Court will not consider the alleged

3

error on appeal." *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989); I.R.E. 103(a)(1). "[A]ppellate courts will not consider new arguments raised for the first time on appeal." *Obenchain v. McAlvain Constr., Inc.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006).

## V. ANALYSIS

**A.    The district court's decision to permit José's preliminary hearing testimony to be read to the jury was not an abuse of discretion.**

After being held briefly in contempt, fined, and remanded to the custody of the Elmore County Sheriff's Office based on his refusal to respond to the State's questions, José eventually cooperated and provided some limited testimony at Defendant's preliminary hearing on June 15, 2011. After providing this testimony, these sanctions were lifted by the magistrate court. Specifically, José was asked to testify at the preliminary hearing regarding the subject matter of his statements to law enforcement in 2002 and the written statement he signed for law enforcement in 2009, which cover the same subject matter since the written statement purports to summarize the interview. The crux of the written statement detailed Defendant's incriminating statements to Valvina and Simón that José overheard in 2002.

At the preliminary hearing, José testified about certain of his earlier statements to law enforcement, but was unable to recall many of the material details he previously provided. Specifically, José testified that he overheard Defendant say that he picked Almarez up from her father's house in Oregon and that someone wanted to kill Defendant and/or Almarez. However, he further testified that he did not remember overhearing Defendant discuss what happened to Almarez. In response to this lack of recollection, the State provided José with his signed statement. After reviewing this written statement, José testified that the signature and initials on the statement were his, and that the statement was an accurate depiction of his memory at the time he spoke to Detective Garcia in August 2002 and when he signed it in 2009. Based on José's lack of recollection, the State moved to admit the statement under the recorded recollection hearsay exception. Over Defendant's hearsay objection, the magistrate court granted the State's request.

José was again called to testify at Defendant's trial in 2012. However, prior to taking the stand on October 29, 2012, and based on the State's discussions with José and Valvina in anticipation of their testimony, the court heard argument outside of the jury's presence regarding the witnesses' inability or unwillingness to testify. Specifically, both witnesses had indicated a

4

lack of memory as to any of the information the State was seeking to elicit from them in their trial testimony. Based on this anticipated unavailability, the State asked that José and Valvina's preliminary hearing testimony and José's written statement be admitted at trial under various hearsay exceptions. The district court stated that it would entertain argument from counsel and provide the parties with a tentative ruling, but clarified that the witnesses would have to be present and testify before the court could make a definitive determination as to whether José or Valvina qualified as unavailable. In the court's view, any resolution reached prior to their attempted testimony "was simply to be a preliminary ruling from the [c]ourt rather than a final ruling, depending on the testimony of the witnesses when they are called."

With this understanding, the parties argued whether the requirements for certain hearsay exceptions were satisfied with respect to these out-of-court statements. The State argued that the written statement qualified under the public records exception of Idaho Rule of Evidence 803(8) or as a recorded recollection under Idaho Rule of Evidence 803(5). The State also asserted that José's preliminary hearing testimony should be admitted pursuant to Idaho Rule of Evidence 804(b)(1) and Idaho Code section 9-336,[1] the former testimony exception and a statutory provision specifically covering the admissibility of preliminary hearing testimony. The crux of the State's oral argument focused on whether or not Defendant had an adequate opportunity to cross-examine José at the preliminary hearing. Specifically, the State argued that Defendant was represented by counsel at the preliminary hearing, defense counsel had a sufficient opportunity to prepare for the hearing, Defendant had a means and motive to cross-examine José and Valvina at the preliminary hearing similar to his motive at trial, the magistrate judge put no significant limitations on the scope of the prior examination, and there was no showing of a new or material line of questioning which would render the prior line of questioning inapplicable or insufficient.

In response to these arguments, Defendant asserted that these are not the only individuals capable of providing substantial evidence on certain material elements of the offenses charged. In addition, Defendant disagreed with the State's reliance on Rule 803(8), arguing that the public records exception does not apply to a statement being utilized by the State which was prepared by law enforcement in preparation of a criminal charge or during the course of an investigation.

---

[1]     Idaho Code section 9-336 was repealed during the 2015 Legislative Session. Ch. 140, § 1, 2015 Idaho Sess. Laws 344, 344. It was replaced by Idaho Code section 74-125, which contains identical language to section 9-336. I.C. § 74-125.

5

Defendant also contended that José's preliminary hearing testimony was compromised and unreliable because he was not represented by counsel at the hearing and certain of his due process rights were not explained to him. Lastly, while maintaining that the hearsay exceptions do not apply, Defendant alternatively argued that if an exception is utilized, the prior testimony and written statement should be read to the jury but not introduced into evidence as exhibits.

At the conclusion of oral argument, the district court articulated a number of findings and conclusions. First, the court found that Idaho Rule of Evidence 803(8) did not apply, specifically that the public records exception did not cover José's written statement to law enforcement. This finding is not challenged on appeal. Second, and assuming José and Valvina testified to a diminished memory as represented, the court tentatively ruled that their preliminary hearing testimony qualified for admittance under Idaho Rule of Evidence 804(b)(1) as former sworn preliminary hearing testimony which was subject to cross-examination. The court specifically found that defense counsel "had a meaningful opportunity to cross-examine [José], regardless of the nature of the cross-examination that was conducted." On the issue of whether the evidence sought to be offered was material and more probative than any other evidence which the State could procure through reasonable efforts, the court stated that José and Valvina were the only two witnesses realistically available to attribute these statements to Defendant in the apartment in 2002. For these reasons, the court preliminarily found that José's preliminary hearing testimony qualified under the former testimony hearsay exception and the statute controlling the admissibility of preliminary hearing testimony. Defendant appeals these findings with respect to José's prior testimony.

The district court then turned to the issue of whether José's written statement to law enforcement qualified as a recorded recollection under Idaho Rule of Evidence 803(5). The court's analyses and the parties' arguments on this issue will be outlined in section V(B), *infra*.

After the court entered its preliminary ruling on the applicable hearsay exceptions, the jury was re-sworn and José took the witness stand. José promptly testified that he could not remember any statements that Defendant made about leaving Idaho in 2002, he could not recall any of his own statements to law enforcement about Defendant's statements, and he had no memory of his own preliminary hearing testimony. José stated that his lack of recollection was possibly due to the length of time that had passed and because this was an "emotionally charged issue" for him. As a result of this testimony, the State asked the district court to declare José

6

unavailable as a witness and to permit his preliminary hearing testimony to be read to the jury. Based on José's testimony, the State's request, the preliminary arguments advanced, and the court's tentative ruling on this issue, the court granted the request.

On appeal, Defendant argues the court erred in declaring José unavailable for two related reasons. First, Defendant contends that José "merely lacked memory of having made the out-of-court statements," but did not lack "memory of the subject matter." Second, Defendant argues that the State's "inquiry was insufficient to establish that José had no memory of the subject matter" of his own and Defendant's statements. Defendant's arguments fail for two reasons. For one, this issue was not properly preserved because these arguments were not raised before the district court. Second, the court had substantial evidence to permit the reading of José's prior testimony under the former testimony hearsay exception. Specifically, the district court recognized it did not have the discretion to read José's preliminary hearing testimony into evidence unless a hearsay exception existed under the Idaho Rules of Evidence, it acted consistently within the bounds of its discretion and the evidentiary and statutory rules governing this exception, and it reached its decision through an exercise of reason.

The following exchange during the State's direct examination of José at trial is illustrative as to both the preservation and merits of this issue:

State: Sir, do you recall any statements that the defendant made in your presence about his leaving Idaho in 2002?

José: No.

State: Sir, do you recall any statements that you gave to law enforcement about what you overheard the defendant say?

José: No.

State: Sir, do you recall the testimony that you provided on June 15, 2011 [at the preliminary hearing] on these very issues?

José: No.

State: And sir, is your lack of recall due to the length [of] time since 2002, when these events occurred.

José: Maybe.

State: It's been a long time for you?

José:          Yes.

State:         And this has been a very emotionally charged issue for you?

José:          Too emotional.

State:         . . . All right. Your Honor, at this time the State would ask the Court to find the witness unavailable under Idaho Rule of Evidence 804(a)(3).

               . . .

(Jury excused)

Court:         In this case, then, [State], is there any additional record that you would like to make concerning your request at this time?

State:         Your Honor, the witness has testified under oath today that he does not remember any of the statements made by the defendant, that he does not recall any statements that he has provided to law enforcement, and that he does not recall the content of his testimony from June 15th 2011.

               At this time, Your Honor, the State submits that the State has established that he is unavailable under Idaho Rule of Evidence 804(a)(3). We would ask the Court to allow publication of his preliminary hearing testimony under 804(b)(1) as prior testimony of this witness.

               . . .

Court:         [Defense counsel], two issues, I believe, because this issue is one of fact for the Court in terms of making its determination as to the unavailability of the witness, did you have any questions that you would like to ask [José] concerning the questions of his unavailability at this time?

Defense Atty:  Judge, I would not.

Court:         Okay. Is there any additional argument then that you would like to make concerning the State's request at this time?

Defense Atty:  I think we have to . . . [distinguish] between what is happening here and what happened in State versus Barcella, a refusal to

8

> testify versus an inability to recall. But other than that, Judge, I would rest on the record.

The trial court went on to clarify that it viewed this as a case of diminished memory, not refusal to testify. Specifically, the district judge found persuasive José's answer that the lapse in time "maybe" contributed to his memory loss, along with his admission that this was an emotionally charged issue for him. For these reasons, the court found that José's sworn testimony "laid a sufficient factual basis from which the [c]ourt can determine that [José] simply lacks the memory or recollection of the incidents in question."

Regarding preservation, Defendant advances only one argument on appeal regarding the admissibility of José's preliminary hearing testimony: the trial court erred in finding José unavailable as a witness under the statutory and evidentiary standards controlling the former testimony hearsay exception and the admission of preliminary hearing testimony at trial. Before the trial court, however, defense counsel only objected to the admissibility of the preliminary hearing testimony on the following grounds: the adequacy of Defendant's prior opportunity to cross-examine José; whether Defendant had a similar motive to challenge or develop José's testimony at the preliminary hearing stage; and, arguing the State's ability to elicit the same or similar testimony from other sources. No other issues were raised or argued below, and Defendant never objected to or squarely challenged the district court's finding that José was unavailable due to memory loss. Instead, Defendant's only response to the trial court's now-contested finding was to seek clarification as to whether José's unavailability was due to diminished memory or a refusal to testify, even though Defendant was specifically invited by the district court judge to supplement the record on this issue. Defense counsel, however, declined to further develop or challenge the foundation laid by the State regarding José's memory-based unavailability. Thus, Defendant failed to preserve the issue of José's availability by not raising a timely and specific objection to this alleged error at trial. *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). Instead, Defendant improperly advances these arguments for the first time on appeal. *Obenchain v. McAlvain Constr.*, 143 Idaho 56, 57, 137 P.3d 443, 444 (2006).

However, even if the issue was properly preserved for appeal, Defendant's arguments fail on the merits. The district court made pertinent findings as to the admissibility of José's preliminary hearing testimony both prior to and after José's failure to adequately testify at trial.

9

These findings are supported by substantial evidence in the record and satisfy the applicable statutory and evidentiary standards.

"The Idaho Rules of Evidence define hearsay as an out-of-court statement 'offered in evidence to prove the truth of the matter asserted.' I.R.E. 801(c). Hearsay is not admissible unless specifically provided for in the Rules of Evidence. I.R.E. 802." *State v. Joy*, 155 Idaho 1, 13, 304 P.3d 276, 288 (2013). José's preliminary hearing testimony qualifies as hearsay. Absent an exception, this testimony should have been barred from admission at trial. The district court recognized this standard and these requirements in rendering its decision.

Idaho Rule of Evidence 804(b)(1) provides an exception to the hearsay rule where a witness is unavailable at trial. It allows for the admission of former testimony where: (1) the witness is unavailable; and (2) "the party against whom the testimony is now offered . . . had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination." I.R.E. 804(b)(1).

Idaho Rule of Evidence 804(a) defines witness unavailability for purposes of Idaho Rule of Evidence 804(b)(1). It includes situations in which the declarant "testifies to a lack of memory of the subject matter of declarant's statement." I.R.E. 804(a)(3). In assessing whether a witness is unavailable due to lack of memory, the relevant inquiry is not whether the witness recalls making the statement, but rather whether he or she has no current memory of the subject matter. *State v. Fair*, 156 Idaho 431, 435, 327 P.3d 989, 993 (Ct. App. 2014). In determining unavailability, "[t]he district court's factual finding must be supported by substantial and competent evidence." *State v. Richardson*, 156 Idaho 524, 531, 328 P.3d 504, 511 (2014). The proponent of admitting the former testimony bears the burden of proving the declarant's unavailability. *Fair*, 156 Idaho at 434, 327 P.3d at 992.

With regard to Rule 804(a), the State carried its burden in this case, and the trial court's findings are supported by substantial and competent evidence. José's trial testimony supports the court's finding that his memory of Defendant's confession was so diminished by the time of the trial that it rendered him unavailable to testify. Specifically, the subject matter at issue is what Defendant told his siblings in 2002 about his departure from Idaho. To that end, the State inquired of José whether he recalled "any statements that the defendant made in your presence about his leaving Idaho in 2002," to which José answered, "No." José further testified that he did not remember any of his own statements to law enforcement in 2002 or 2009, or his preliminary

10

hearing testimony on the subject matter in 2011. José attributed this lapse in memory to the length of time that had passed since the events and the emotional nature of the subject matter.

Given José's testimony that he lacked the memory to testify regarding the subject matter at issue, the district court found that José's responses made clear that he "simply lack[ed] the memory or recollection of the incidents in question." This finding is supported by substantial and competent evidence.

Defendant argues that the State was required to do something more to develop and establish the contours of José's unavailability. Specifically, Defendant goes to great lengths to argue that the State's line of questioning merely established that José lacked memory of having made the prior out-of-court statements, but did not lack memory of the actual subject matter of those statements. However, this argument is directly contradicted by José's trial testimony and fails to account for the first question in the State's line of questioning, wherein the State specifically inquired into whether José remembered the substance of the conversation he overheard between Defendant and his siblings regarding why Defendant left Idaho in 2002. It was only with the State's second and third questions that it inquired into whether José had any memory of his own statements to law enforcement or his preliminary hearing testimony on this subject matter. José's testimony satisfies the requirements of Idaho Rule of Evidence 804(a)(3) and constitutes substantial and competent evidence supporting the district court's finding.

As to the second factor under Idaho Rule of Evidence 804(b)(1), Defendant had ample opportunity to develop testimony through cross-examination of José at the preliminary hearing. Defendant was represented by counsel at that time, who had sufficient opportunity to prepare for the hearing. Further, the magistrate judge put no significant limitations on the scope of the prior examination. Defendant therefore had means and motive to cross-examine José at the preliminary hearing similar to his means and motive at trial. Finally, Defendant has failed to show any new and material line of questioning which would render the prior line of questioning inapplicable or insufficient.

In addition to Idaho Rule of Evidence 804(b)(1), Idaho Code section 9-336 also purported to admit preliminary hearing testimony; however, any statute pertaining to the admission of evidence is of no force or effect where an Idaho Rule of Evidence covers the same subject matter. I.R.E. 1102. Where a statutory provision is not in conflict with the applicable rules of evidence then it will be immaterial. Conversely, where a statutory provision is inconsistent with

11

the applicable rules of evidence, then that statutory provision is invalid. Because the subject matter of Idaho Code section 9-336 is already governed by Idaho Rule of Evidence 804(b)(1), it is not necessary for this Court to provide any analysis of Idaho Code section 9-336.

In summary, the trial court's findings regarding José's unavailability are supported by substantial and competent evidence and comport with the requirements of Rule 804(b)(1).

**B.      The district court's decision to permit José's written statement to law enforcement to be read to the jury was not an abuse of discretion.**

Before José was called as a witness by the State at Defendant's trial, the district court made two preliminary but pertinent findings with respect to José's written statement to law enforcement. First, the court found that the public records hearsay exception outlined in Idaho Rule of Evidence 803(8) did not apply to this written statement. This finding is not challenged on appeal. Second, the court found that José's written statement qualified as a recorded recollection pursuant to Idaho Rule of Evidence 803(5) so long as the State laid the necessary foundation at trial through José's testimony, which the trial court ultimately concluded it did. Defendant appeals this second finding.

The written statement to law enforcement signed by José qualifies as hearsay. I.R.E. 801(c). Absent an applicable exception, this statement is inadmissible to prove the truth of the matter asserted under the evidentiary rules. I.R.E. 802. In this case, the district court correctly recognized that it did not have discretion to read this written statement into evidence unless the requirements of a hearsay exception were met, acted consistently within the bounds of its discretion and the rules governing hearsay exceptions, and reached its decision through an exercise of reason. For the reasons outlined below, the recorded recollection exception outlined in Idaho Rule of Evidence 803(5) applies to José's written statement, and the district court did not abuse its discretion in permitting the same statement to be admitted under this exception.

Under Rule 803(5), the trial court is vested with the discretion to allow José's written statement to be read into the record as a recorded recollection. I.R.E. 803(5); *State v. Higgins*, 122 Idaho 590, 599, 836 P.2d 536, 545 (1992). Under Rule 803(5), a recorded recollection is defined as:

> A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in the memory of the witness and to reflect that knowledge

correctly. If admitted, the memorandum or record may be read into evidence but may not itself be received as an exhibit unless offered by an adverse party.

I.R.E. 803(5).

The district court found that the requirements of Rule 803(5) were satisfied for purposes of admissibility. Defendant argues that the district court erred in reaching this conclusion, contending that the requisite safeguards for reliability and accuracy were not present because the written statement was unsworn, substantial time had lapsed between the events at issue and the preparation of the statement, the statement was not prepared by José and was allegedly not adopted by him, and because it did not accurately reflect his knowledge in 2002. The State argues that Defendant failed to preserve this issue for appeal, but asserts in the alternative that Defendant's arguments fail on the merits. For the reasons outlined it greater detail below, Defendant's appellate arguments fail as unpreserved and also on the merits.

On the issue of preservation, a thorough review of the record of the proceedings below indicates that Defendant failed to raise these arguments to the district court at trial. While defense counsel lodged a general hearsay objection purporting to cover both the admission of the preliminary hearing testimony and also the written statement, counsel's trial arguments focused almost exclusively on the preliminary hearing transcript. Defendant failed to raise specific arguments regarding the applicability of the recorded recollection exception to the written statement at trial, thus failing to preserve this issue for appeal. *State v. Bingham*, 116 Idaho 415, 423, 776 P.2d 424, 432 (1989). Defendant did, however, create a record before the magistrate court at the preliminary hearing regarding the admissibility of José's written statement. This transcript, which contained Defendant's particularized hearsay objections to the written statement, was read into evidence at trial. While this is insufficient to preserve the issue, because the district court reviewed and considered the preliminary hearing transcript at trial, this opinion will address the merits of the arguments advanced on appeal. However, this Court holds that Defendant's failure to renew, lodge, or raise the same, similar, or any specific objection or argument at trial regarding the written statement leaves the arguments unpreserved for appeal.

Even if the issue was properly preserved below, the trial court did not abuse its discretion in permitting the written statement to be read to the jury under the recorded recollection hearsay exception. In analyzing this issue, it is helpful for this Court to first review the contents of the

13

written statement José signed for law enforcement in 2009. In pertinent part, José declares in his non-sworn statement to law enforcement as follows:

> On August 16, 2002, I talked to Detective Enrique Garcia, of the San Jose Police Department, Homicide Unit, regarding the whereabouts of my brother [Defendant]. [Defendant] is also known as "Pepe."
>
> When Detective Garcia talked to me, I told him that I knew why [he] wanted to see me. I told [him] that it was because [Defendant] killed his girlfriend. I told Detective Garcia during this interview that in late July or early August of 2002, [Defendant] arrived at the apartment that I shared with my sister [V]alvina, in San Jose, California. The rest of this statement shows what I told Detective Garcia about [Defendant's] visit and what happened during the visit.
>
> In late July or early August of 2002, Simón Lopez Orozco (from here on, "Simón"), who is also my brother, brought [Defendant] to the apartment that I shared with my sister [V]alvina in San Jose, California. That night, [Defendant], Simón and [V]alvina were sitting at the kitchen table, and I was in the living room.
>
> [Defendant] seemed sad and desperate when he told [V]alvina and Simón how he had killed Rebecca [Almarez], also known as Becky, and the children. [Defendant] said that he had also burned his vehicle, a white [Pontiac] Grand AM, with [Almarez] and the children inside. [Defendant] didn't say how he had burned the vehicle. [Defendant] didn't say where this had happened.
>
> I also heard [Defendant] say the following: [Almarez] was in Oregon visiting her father, and she called [Defendant] and asked him to pick her up. [Defendant] drove to Oregon in a white Grand AM vehicle. When he arrived to pick her up, [Almarez] didn't want to go with him. [Defendant] was on his way back to Idaho when [Almarez] called him again and asked him to go back to pick her up. [Defendant] returned to Oregon to pick up [Almarez]. When he arrived, he noticed some suspicious individuals in the area. [Almarez] and her two children left with [Defendant] to Idaho. The suspicious individuals started following them in a truck and fired some bullets at them. [Defendant] wasn't hit, and he was able to get rid of the individuals. At some point in time, a police car was behind them, but didn't stop them. [Almarez] was telling [Defendant] that she would tell the police that he was keeping her against her will. [Almarez] threatened to throw one of the children out of the window if [Defendant] didn't stop the car. [Defendant] didn't stop the car. [Defendant] reacted to [Almarez's] threats and shot her. Then [Defendant] took her body to a field and burned it inside the vehicle. [Defendant] didn't mention in detail what happened with the children.
>
> I was able to hear [Defendant] say all this because the kitchen where the conversation took place was beside the living room, where I was. [Defendant] would have known that I was in the living room. I haven't had contact with [Defendant] or Simón since August of 2002.

José initialed each page of the statement and signed and dated it at the end.

In determining whether this statement qualified for treatment under the recorded recollection hearsay exception, the district court applied Rule 803(5)'s standards as follows:

14

The standard [for Rule 803(5)] is whether or not the memorandum of record in question is something of which a witness once had knowledge but now has insufficient recollection to enable the witness to testify fully and accurately and was shown to have been made or adopted by the witness when the matter was fresh in the memory of the witness and to reflect that knowledge correctly. It also provides as to how that is provides to the jury, [but] I'll get to that here in just a moment.

... [T]he question for the [c]ourt therefore becomes whether or not we have an issue of insufficient recollection and whether or not ... the statement was made or adopted by the witness when the matter was fresh in the memory of the witness and appears to reflect the knowledge correctly.

...

The Court would find that based upon the information contained in the preliminary hearing transcript, ... it appears that the statements were made or adopted by the witness when the matter was fresh in their memory, [and] there is no time limit as to when that occurs. But it does appear to me from the information and evidence provided that the element has been established and does, in fact, appear to correctly reflect the knowledge at that time. Therefore, the [c]ourt does find that that would come in pursuant to 803(5).

In addition, the [c]ourt also notes and acknowledges the magistrate's findings, which the [c]ourt finds to be appropriate, as well. The issues related to coercion or alleged coercion or threats [by law enforcement] or anything such as that goes more to weight than to admissibility. As long as the State is able to provide the necessary foundation from 803(5)[,] those recollections should be made available to the jury for their consideration.

Based upon these findings, the district court permitted José's statement to be read to the jury under the recorded recollection hearsay exception. The district court's findings are supported by substantial and competent evidence in the record. At trial, José was called as a witness and promptly denied any memory of Defendant's alleged confession. In response, the State asked José to review his 2009 written statement to law enforcement as an attempt to refresh his recollection. After reviewing this statement, José testified that his initials and signature appeared on the statement, but again denied any memory of Defendant's statements in 2002, his own statements to law enforcement in 2002 and 2009, and his preliminary hearing testimony in 2011. However, in response to the State's inquiry as to whether the written statement truthfully depicted what he remembered at the time he signed it, José testified that it did.

Specifically, the following exchange during the State's direct examination of José at trial is instructive as to José's prior recollection and his adoption of the written statement:

State:    Okay. At the time that you signed the [s]tatement, did it truthfully set forth what you remember?

15

José:         Yes. I couldn't really remember much.

State:        Does the [s]tatement set forth what you remember in 2009?

José:         That is part of the [s]tatement that I gave in 2002 that is in the front of it.

State:        Right. You provided a statement in 2002, correct?

José:         Yes.

State:        And what you [reported being] told by [Defendant] was put in this document in 2009, correct?

José:         Seems that way.

State:        So when you signed this in 2009, was it true?

José:         That's what I said before.

State:        Okay. And today you don't remember everything you remembered in 2002?

José:         No.

State:        And today you don't remember everything you remember in 2009?

José:         No.

Given this exchange and José's testimony regarding the contents of his signed statement to law enforcement, there is substantial evidence to support the district court's finding that the requirements for admission of the statement as a recorded recollection under Rule 803(5) were satisfied. On appeal, Defendant argues that the statement was unreliable and should not have been admitted because it was not prepared by José, it was not properly adopted by him, and it did not accurately reflect his knowledge in 2002. These arguments, however, are directly contradicted by José's trial testimony, and further fail because nothing in the rules governing the hearsay exception requires that the statement be prepared by José. The acts of signing and initialing the agreement, in conjunction with José's testimony, provide adequate evidence that the contents of the statement were adopted by José while they were fresh in his memory.

In an attempt to undermine the adoption requirement, Defendant contends that prior to José's above-outlined testimony, José testified in an inconsistent manner during the same direct

16

examination wherein he denied the accuracy of his written statement. This inconsistent testimony, however, does not negate José's later testimony which established that the contents of the statement were adopted while they were fresh in José's memory. While it certainly goes to the weight of this evidence, it does not impact its admissibility under this hearsay exception.

Lastly, Defendant challenges the freshness requirement of this exception, arguing that too much time elapsed between the events in question and the preparation of the written statement. Specifically, Defendant states that the written statement "was likely created based on Detective Garcia's notes from his interrogation of José back in 2002, [but that] it does not appear that the document was actually prepared until 2009—seven years after José spoke to Detective Garcia." This issue is also cured by José's trial testimony. He stated that he was interviewed by Detective Garcia in 2002 shortly after overhearing Defendant's statements, and further testified that a written statement was prepared in 2009 which accurately memorialized his 2002 interview. This testimony is sufficient to support a finding that the events were fresh in José's mind.

For the reasons outlined above, the trial court did not abuse its discretion in finding that the written statement signed by José satisfied the requirements of Idaho Rule of Evidence 803(5). The admission of this statement as verbal testimony under the recorded recollection hearsay exception was supported by substantial and competent evidence. Thus, the district court's decision is affirmed.

## VI. CONCLUSION

The judgment of the district court is affirmed.

Chief Justice J. JONES, Justices EISMANN, BURDICK, and HORTON CONCUR.