**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45352**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  December 21, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOSE MANUEL PRATER, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County.  Hon. George A. Southworth, District Judge.

Judgment of conviction for domestic battery in the presence of children, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jenevieve C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Jose Manuel Prater appeals from his judgment of conviction for domestic battery in the presence of children, Idaho Code §§ 18-903(a), 18-918(2), 18-918(4).  Prater argues the district court erred in admitting hearsay statements under Idaho Rule of Evidence 801(d)(1)(B).  For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

Prater was charged with one count of domestic battery in the presence of children after he and his girlfriend ("Victim") got into altercations on Christmas Eve and Christmas Day with their two young children present.  Victim's child from a previous relationship was also present. Prater pled not guilty, and the case proceeded to trial.

1

At trial, the State called three witnesses. First, Victim testified that on Christmas Eve Prater was angry with her; Prater slapped her, knocking her to the ground; and when she got up, Prater pushed Victim back down and kicked her. She stated that, at this point, she got up and hit Prater, and he pushed her back to the ground and hit her in her face and body and kicked her on her legs. Thereafter, Prater followed Victim into the kitchen and elbowed her in her temple. She then packed up some of her children's belongings and Christmas presents and was going to drive with her children to her parents' house. However, Victim testified that, when she tried to leave, Prater "threw [an alcoholic drink] on me and then he called 911. And he called me in for a DUI and told me that if I left with the kids that I would get arrested and that I would lose them." When asked what Victim did when this happened, she responded, "I didn't want the chance for them to try and figure out that I wasn't drunk and to take my kids away from me, so I figured the best thing was to call my mom and my sister to come and pick me up." Victim's mother and sister ("Sister") picked up Victim and her children. Victim and her children spent the night at her parents' house and returned home the following day. Victim and Prater continued to argue throughout Christmas Day, and Prater eventually pushed and hit Victim again. Victim called the police, but when they arrived, she testified she did not tell them about the violence "because I didn't want [Prater] to get in trouble. I didn't want to cause any more problems. Because I felt like it was my fault." Victim returned to her parents' house after the altercation on Christmas Day until she went to work on December 27. At work, Victim's coworkers encouraged her to file a police report. Afterwards, Victim went to the police department and talked with an officer ("Officer"). Photographs were taken of Victim's injuries, fourteen of which were admitted at trial.

Sister was called as the State's next witness. Sister testified about picking up Victim and her children on Christmas Eve. The State's final witness was the Officer who testified regarding his December 27 meeting with Victim. The prosecutor introduced statements made by Victim to Sister and Officer. Prater objected on the basis the statements were inadmissible hearsay. The district court overruled the objections and allowed the statements of Victim to be admitted.

After the State rested, Prater testified on his own behalf. He generally claimed Victim was the aggressor and that Prater did not batter Victim. Prater implied Victim fabricated the battery because she was angry Prater had thrown an alcoholic drink on Victim and called the

police to report Victim for driving under the influence. The jury found Prater guilty. Prater timely appeals from his judgment of conviction.

## II.

## ANALYSIS

### A.     Hearsay Analysis

Prater asserts the district court abused its discretion when it improperly admitted testimony which was inadmissible hearsay. "The trial court has broad discretion in the admission and exclusion of evidence and its decision to admit evidence will be reversed only when there has been a clear abuse of that discretion." *State v. Lopez-Orozco*, 159 Idaho 375, 377, 360 P.3d 1056, 1058 (2015) (quoting *State v. Robinett*, 141 Idaho 110, 112, 106 P.3d 436, 438 (2005)). When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court correctly perceived the issue as one of discretion, acted within the boundaries of such discretion, acted consistently with any legal standards applicable to the specific choices before it, and reached its decision by an exercise of reason. *State v. Herrera*, ___ Idaho ___, ___, 429 P.3d 149, 158 (2018). An abuse of discretion argument must specifically identify the factor(s) misapplied by the district court. *State v. Kralovec*, 161 Idaho 569, 575 n.2, 388 P.3d 583, 589 n.2 (2017).

Prater asserts the district court abused its discretion by admitting statements made by Victim to Sister and Officer over Prater's objections on the basis the statements were inadmissible hearsay. Hearsay is defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. I.R.E. 801(c); *State v. Gomez*, 126 Idaho 700, 704, 889 P.2d 729, 733 (Ct. App. 1994). Hearsay is inadmissible unless otherwise provided by an exception in the Idaho Rules of Evidence or other rules of the Idaho Supreme Court. I.R.E. 802. Included in the exceptions to this general rule are prior consistent statements admitted to rebut a charge of a recent fabrication, which are permissible in certain circumstances. Idaho Rule of Evidence 801(d)(1)(B) provides these statements are admissible if:

> The declarant testifies and is subject to cross-examination about a prior statement, and the statement:
> . . . .
> (B) is consistent with the declarant's testimony and is offered:

3

(i) to rebut an express or implied charge that the declarant recently fabricated it or acted from a recent improper influence or motive in so testifying; or

(ii) to rehabilitate the declarant's credibility as a witness when attacked on another ground.

The Idaho Supreme Court has explicitly held the rule "only permits introduction of out-of-court statements that were made prior to the time when the declarant would have a motive to lie." *State v. Joy*, 155 Idaho 1, 14, 304 P.3d 276, 289 (2013).

In this case, during the cross-examination of Victim, defense counsel implied that Victim fabricated the battery because she was upset that Prater had called the police to report Victim for driving under the influence. Defense counsel asked why Victim sent a text message to Prater stating Prater "crossed that line when you called the cops for me for the third time and tried to press charges" but "didn't call him out about any sort of violence." Defense counsel also noted that in the thousands of text messages between Prater and Victim that defense counsel had read, there were none in which Victim mentioned violence other than to notify Prater that Victim was filing a domestic violence charge against Prater.

On re-direct examination, the State wanted to rebut the inference on recent fabrication and asked further questions of Sister and Officer. When asked about Victim's demeanor on Christmas Eve evening, when Sister was picking up Victim and her children, Sister answered that Victim was crying. Sister was then asked if she talked with Victim. Defense counsel objected on hearsay grounds. The prosecutor responded, "it's a prior consistent statement. Her testimony has been questioned as to recent fabrication on cross-examination by [defense counsel]." The court directed Sister to answer the question. She stated, "[Victim] said that they had recently got into a fight, that he threw a drink in her face, and he called her in for a DUI."

During Officer's testimony, defense counsel made another objection based on hearsay grounds when Officer was asked if he had been told by Victim how she received the injuries. Again, the prosecutor responded that Victim's motive to fabricate had been called into question. The district court overruled the objection. Thereafter, Officer testified the Victim reported she was battered by Prater on Christmas Eve and Christmas Day in the presence of Victim's three children. Officer also stated Victim reported Prater threw a drink on Victim and had called or had threatened to call the police to report her for driving under the influence.

Prater asserts Victim's motive to lie about the battery arose during the altercation on Christmas Eve. Therefore, he asserts the statements Victim made to Sister later that evening and

4

the statements Victim made to Officer days later were not properly admitted under I.R.E. 801(d)(1)(B) because the statements did not precede Victim's motive to lie as required by *Joy*, 155 Idaho at 14, 304 P.3d at 289, and the district court abused its discretion when admitting these statements because they were inadmissible hearsay. Conversely, the State asserts Prater's argument does not have merit because the incident of Prater throwing his drink and calling Victim in for driving under the influence was not the sole relevant motive to lie, noting that in this case there were several additional motives arising after Victim made the challenged statements to Sister on Christmas Eve evening. These include the additional violence inflicted on Victim by Prater on Christmas Day, the couple's subsequent breakup on December 25 or 26, the encouragement of Victim's coworkers to file a police report, and the contentious nature of Victim's relationship with Prater. The State contends this is also true for statements admitted which were made to Officer on December 27 because there were multiple possible motives for Victim to lie, including arguments with Prater via text message that occurred as late as February.

It is unnecessary to reach a conclusion on this issue because, even assuming there was some error in the court's decision to allow the statements in question to be admitted, any error was harmless.

### B.    Harmless Error Analysis

Error is not reversible unless it is prejudicial. *State v. Stoddard*, 105 Idaho 169, 171, 667 P.2d 272, 274 (Ct. App. 1983). With limited exceptions, even constitutional error is not necessarily prejudicial error. *Id.* Thus, we examine whether the alleged error complained of in the present case was harmless. *See State v. Lopez*, 141 Idaho 575, 578, 114 P.3d 133, 136 (Ct. App. 2005). This Court applies the harmless error test articulated by the Supreme Court of the United States in *Chapman v. California*, 386 U.S. 18 (1967). *State v. Perry*, 150 Idaho 209, 222, 245 P.3d 961, 974 (2010). Under the two-part *Chapman* test, the defendant must establish the existence of an error, "at which point the State shall have the burden of demonstrating that the error is harmless beyond a reasonable doubt." *Perry*, 150 Idaho at 222, 245 P.3d at 974. To meet that burden, the State must "prove[ ] 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained.'" *Id.* at 221, 245 P.3d at 973 (quoting *Chapman*, 386 U.S. at 24). Interpreting *Chapman*, the Supreme Court of the United States has explained that:

To say that an error did not "contribute" to the ensuing verdict is not, of course, to say that the jury was totally unaware of that feature of the trial later held to have been erroneous. . . .

To say that an error did not contribute to the verdict is, rather, to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.

*Yates v. Evatt*, 500 U.S. 391, 403 (1991), *overruled in part on other grounds by Estelle v. McGuire*, 502 U.S. 62, 72 n.4 (1991). Thus, an appellate court's inquiry "is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in *this* trial was surely unattributable to the error." *Sullivan v. Louisiana*, 508 U.S. 275, 279 (1993).

Prater asserts the State has not met its burden to show the admission of the challenged statements was harmless because the effect of the statements was to bolster Victim's credibility and support the State's version of events. The State responds that the statements were not prejudicial, taking into consideration the redundancy with other testimony and the corroborating evidence consisting of the photographs of the injuries which were admitted and presented to the jury.

In this case, Sister testified that when she picked up Victim, she was crying. Sister also stated that she had been told by Victim that she and Prater had gotten into a fight, and he threw a drink in Victim's face and called her in for a DUI. While Prater asserts these statements were not harmless, Sister's challenged testimony had little effect overall because neither party disputes that the parties had gotten into a fight or that Prater had thrown a drink on Victim and called her in a for a DUI. Thus, any error in admitting the statements of Sister were harmless beyond a reasonable doubt as they did not contribute to a guilty verdict.

Similarly, Officer testified that Victim stated that Prater threw a drink in Victim's face and called her in for a DUI, and additionally reported Prater had battered Victim on Christmas Eve and Christmas Day. However, Victim had already testified that Prater had caused the injuries. The Victim's statements to Officer were not more expansive than Victim's testimony. Thus, it follows that if the jury believed that Victim was motivated to lie because Prater reported Victim for driving under the influence, then the jury would have to reject Victim's testimony as well as the Officer's.

Finally, significant in this case is the physical evidence consisting of the photographic evidence of Victim's injuries. As previously noted, fourteen photos of Victim's injuries were

admitted into evidence. The photos clearly show bruises on the upper portion of Victim's right arm, on her right temple, on her left hand, on her right hand and wrist, and on both knees. The injuries shown in the photographs are consistent with Victim's version of events. Additionally, the State also had the testimony of Victim as support, in which she stated she had called the police on Christmas Eve but she did not tell them about the violence when they arrived because she did not want Prater to get into trouble. Applying the harmless error test, it is clear beyond a reasonable doubt that any error in the admission of Sister's and Officer's statements did not contribute to the guilty verdict.

## III.
## CONCLUSION

This Court concludes that any error admitting statements Victim made to Sister and Officer under I.R.E. 801(d)(1)(B) was harmless. Therefore, Prater's judgment of conviction is affirmed.

Judge HUSKEY and Judge LORELLO **CONCUR**.